DECISION AND JUDGMENT ENTRY
Pursuant to 6th Dist.Loc.App.R. 12(C), this appeal is assigned to the accelerated calendar. Appellant, Justin Gonzales, has appealed from a judgment entry of the Wood County Court of Common Pleas filed on October 31, 2000, in which the court ordered appellant to serve one year in prison after accepting appellant's plea of guilty to a charge of corruption of a minor, a violation of R.C. 2907.04. Appellant has presented two assignments of error for consideration on appeal that are:
"FIRST ASSIGNMENT OF ERROR
 REVISED CODE 2951.03(B)(1), WHICH MANDATES THE NON-DISCLOSURE OF RELEVANT SENTENCING INFORMATION TO A DEFENDANT OR HIS COUNSEL (OTHER THAN A `SUMMARY') IS AN UNCONSTITUTIONAL VIOLATION OF A DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. REVISED CODE 951.03(C), WHICH PROHIBITS APPELLATE REVIEW OF THE MATTER, IS A SELF-EVIDENT VIOLATION OF A DEFENDANT'S CONSTITUTIONAL RIGHTS.
"SECOND ASSIGNMENT OF ERROR
 REVISED CODE 2951.03(B)(1), AS APPLIED BY THE TRIAL COURT, IS AN UNCONSTITUTIONAL VIOLATION OF A DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
Appellant acknowledges in his brief that the issues he raises in his appeal have already been presented to this court in another case and that the decision in that case on these issues will "control the decision in this case as well." The case to which appellant refers, State v.Roberson (Mar. 16, 2001), Wood App. No. WD-00-029, unreported, has been decided. In that case, this court analyzed the issues appellant has again presented in this case and said, in pertinent part:
 "Under Ohio's statute, the defendant is entitled to see the factual parts of the report. The defendant's access is limited only in the areas of sentencing recommendations, diagnostic opinions if necessary to preserve rehabilitation efforts, confidential source information, and any other information which would put someone's life at risk. We find that these four narrow limitations are reasonable. The court's need for such information to formulate an appropriate sentence and the need to protect certain sources of information outweigh any burden non-disclosure would have on the defense.
 "In this case, the trial court's judgment indicates that the only portion of the pre-sentence report that defendant was barred from viewing was the probation officer's recommendations. We recognize a defendant's right to know the facts presented in the presentence report, but we find that there is no compelling reason that sentencing recommendations need to be disclosed.
 "Appellant also claims that R.C. 2951.03(C) is unconstitutional because it precludes appellate review of the court's discretionary decision regarding the content of the presentence investigation report or its discretionary decision not to disclose certain information. We need not reach this issue since appellant never challenged that the court abused its discretion in this case. The issue of whether we can review these discretionary decisions is not properly before us.
 "Appellant also asserts that the trial court failed to comply with R.C. 2951.03(B)(3) and state, orally or in writing, a summary of the information that was not disclosed pursuant to R.C. 2951.03(B)(1). We disagree. The court is only required to make a statement of the factual information that is not disclosed. In this case, the only statements that were not disclosed were the probation officer's recommendations, which constitute his opinion and not `factual information' contemplated by the statute. The court clearly identified the excluded information as the probation officer's recommendations." Id.
Because appellant has presented the same arguments in this case as were presented in State v. Roberson, id., and because the pertinent facts are the same in this case as the facts in State v. Roberson, id., we find the reasoning used in our decision in State v. Roberson, id., is equally applicable in this case. Accordingly, based upon the authority of Statev. Roberson, id., we find appellant's first and second assignments of error not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.